IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JEFFERY C. CHARLES, | ) | 8:07CV44 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, (Nebraska Department of Correctional Services Director), and DENNIS BAKEWELL, (Nebraska State Penitentiary Warden), | ) ) ) ) ) ) | |
| Respondents. | ) | |

This matter is before the court on Petitioner Jeffrey C. Charles' ("Charles") Petition for Writ of Habeas Corpus ("Petition"). (Filing No. 1.) After initial review, Respondents[1] filed an Answer (filing no. 10), Brief, and Reply Brief on the merits of the Petition (filing nos. 17 and 21). Respondents also submitted state court records. (Filing No. 9.) Petitioner filed a Brief in Response to Respondents' Brief on the merits. (Filing No. 19.)

Liberally construing the allegations of Charles' Petition, he argues that his Petition should be granted because:

---

[1] The Petition names Robert Houston and Dennis Bakewell as Respondents; however, the Answer appears to have been filed on behalf of Robert Houston alone. (*See generally* Filing No. 10.) Indeed, the captions of many of the pleadings filed in this case, seem to suggest that Robert Houston is the sole Respondent. (*See, e.g.*, Filing Nos. 17 and 19.) In the interests of clarity and consistency, the plural term "Respondents" will be used throughout this Memorandum and Order.

1. Petitioner was denied due process of law because the "the trial court's Jury Instruction No. 7" misstated the law and confused the jury ("Claim One").

2. Petitioner was denied the effective assistance of trial counsel because trial counsel failed to investigate and present evidence from the State of Missouri regarding Petitioner's "mental defect or disease" ("Claim Two").

3. Petitioner was denied the effective assistance of trial counsel because trial counsel did not challenge the validity of underlying convictions which enhanced Petitioner's sentence under the habitual criminal statute and prevented Petitioner from obtaining a favorable plea ("Claim Three").

4. Petitioner was denied the effective assistance of trial counsel because trial counsel withheld and/or failed to disclose "inculpating statements" made by Petitioner's co-defendant ("Claim Four").

5. Petitioner was denied the effective assistance of trial counsel because trial counsel did not obtain "an independent defense psychiatric evaluation" to support his plea of "not guilty by reason of insanity" ("Claim Five").

6. Petitioner was denied the effective assistance of trial counsel because trial counsel "did not make a sufficient challenge" to the all-white jury in violation of Petitioner's right to "Equal Protection of the laws" ("Claim Six").

7.  Petitioner was denied the effective assistance of appellate counsel because appellate counsel failed to raise the deficiencies of trial counsel on direct appeal ("Claim Seven").

(Filing No. 1 at CM/ECF pp. 5-10.)

## I. BACKGROUND

On June 10, 1994, after a jury trial, Petitioner was found guilty of one count of Robbery, three counts of Use of a Firearm to Commit a Felony, one count of Operating a Motor Vehicle to Avoid Arrest, one count of First Degree Attempted Assault on a Police Officer, and one count of Possession of a Firearm by a Felon. (Filing No. 9-9, Attach. 8, at CM/ECF pp. 69-76.) Petitioner was thereafter found to be a habitual criminal and was sentenced to serve 10-20 years on each count, with his sentences to be served consecutively. (*Id.* at CM/ECF pp. 77-78.) On direct appeal, the only issue raised by Petitioner was that the trial court erred in overruling his objections to jury instruction number seven, or Claim One as set forth in the Petition. (Filing No. 9-6, Attach. 5, at CM/ECF pp. 82-91.) The Nebraska Court of Appeals issued an opinion which affirmed Petitioner's conviction and sentence. (Filing No. 9-8, Attach. 7, at CM/ECF pp. 1-8.)

On May 10, 1996, Petitioner filed a pro se "Motion for Post-Conviction Relief Coram Nobis" in the District Court of Douglas County, Nebraska, which was amended with the assistance of appointed counsel on July 25, 2001 (as amended, the "Post Conviction Motion"). (Filing No. 9-11, Attach. 10, at CM/ECF pp. 1-2; Filing No. 9-10, Attach. 9, at CM/ECF pp. 10-12.) In his Post Conviction Motion, Petitioner generally asserted Claims Two through Seven. (Filing No. 9-10, Attach. 9, at CM/ECF pp. 10-12.) After discovery, which included several depositions, the Douglas County, Nebraska District Court held an evidentiary hearing and denied Petitioner's Post Conviction Motion. (*Id.* at CM/ECF pp. 14-17.) The Douglas

County, Nebraska District Judge stated that Petitioner was not entitled to post-conviction relief on his ineffective assistance of counsel claims because:

> The contentions are in some instances not borne out by the record. Some fail to establish that trial counsel's performance was deficient. Finally, the record fails to show that the Defendant was prejudiced by the actions that were taken.

(*Id.* at CM/ECF p. 15.)

With the assistance of counsel, Petitioner appealed the post conviction ruling. (Filing No. 9-7, Attach. 6, at CM/ECF pp. 36-44.) Liberally construed, Petitioner raised only Claim Three in his post-conviction appeal. (*Id.*; Filing No. 9-8, Attach. 7, at CM/ECF p. 10.) The Nebraska Court of Appeals issued an opinion affirming the Douglas County, Nebraska District Court's denial of post-conviction relief. (Filing No. 9-8, Attach. 7, at CM/ECF pp. 9-18). As set forth more fully below, in its Memorandum Opinion, the Nebraska Court of Appeals stated that Charles was not entitled to post-conviction relief because "Charles failed to demonstrate deficient performance on the part of his trial counsel or any prejudice resulting from the allegedly deficient performance." (*Id.* at CM/ECF p. 18.) Petitioner filed a Petition for Further Review in the Nebraska Supreme Court, which was overruled on May 18, 2006. (Filing No. 9-10, Attach. 9, at CM/ECF p. 2.) The Nebraska Supreme Court did not issue an opinion. Petitioner then timely filed this action on February 1, 2007.[2] (Filing No. 1.)

---

[2]Although Petitioner's conviction occurred 13 years before he filed his Petition, the Petition appears to be timely filed.

## *II.    STANDARD OF REVIEW*

When a state court has adjudicated a habeas petitioner's claim on the merits, there is a very limited and extremely deferential standard of review both as to the facts and the law. *See* 28 U.S.C. § 2254(d). With regard to the deference owed to factual findings of a state court's decision, a federal court is bound by those findings unless the state court made a "decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Additionally, a federal court must presume that a factual determination made by the state court is correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Further, section 2254(d)(1) states that a federal court may not grant a writ of habeas corpus unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). As explained by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362 (2000), a state court acts contrary to clearly established federal law if it applies a legal rule that contradicts the Supreme Court's prior holdings or if it reaches a different result from one of that Court's cases despite confronting indistinguishable facts. *Id.* at 399. Further, "it is not enough for [the court] to conclude that, in [its] independent judgment, [it] would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006). This high degree of deference only applies where a claim has been adjudicated on the merits by the state court. *See Brown v. Luebbers*, 371 F.3d 458, 460-61 (8th Cir. 2004) ("[A]s the language of the statute makes clear, there is a condition precedent that must be satisfied before we can apply the deferential AEDPA standard to [the petitioner's] claim. The claim must have been 'adjudicated on the merits' in state court.").

### III. ANALYSIS

**A. Petitioner's Claims Two, Four, Five, Six and Seven**

1. Procedural Default/Exhaustion

As set forth in 28 U.S.C. § 2254(b)(1),

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

*Id.* Additionally, "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Where a state's highest court refuses to consider a federal claim on the merits because the petitioner failed to comply with a state procedural rule, the petitioner's procedural default bars federal habeas review if the state court's procedural ruling is independent of the federal question and adequate to support the judgment. *Lee v. Kemna*, 534 U.S. 362, 375 (2002); *accord Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991) ("We have applied the independent and adequate state ground doctrine not only in our own review of state court judgments, but in deciding whether federal district courts should address the claims of state prisoners in habeas corpus actions. The doctrine applies to bar federal habeas when a state court declined to address a

prisoner's federal claims because the prisoner had failed to meet a state procedural requirement. In these cases, the state judgment rests on independent and adequate state procedural grounds.")

The Nebraska appellate courts have long operated under the rule that "[a]ny party who fails to properly identify and present its claim" in accordance with the Supreme Court rules "does so at its peril." *In re Guardianship & Conservatorship of Larson*, 708 N.W.2d 262, 275 (Neb. 2006). Further, the Nebraska appellate courts will "not consider as an assignment of error a question not presented to the district court for disposition through a defendant's motion for postconviction relief." *State v. Caddy*, 628 N.W.2d 251, 257 (Neb. 2001).

If a claim has not been presented to the Nebraska appellate courts and is now barred from presentation, the claim is procedurally defaulted, not unexhausted. *Akins v. Kenney*, 410 F.3d 451, 456 n. 1 (8th Cir. 2005). Under Nebraska state law, "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." *State v. Lotter*, 664 N.W.2d 892, 922 (Neb. 2003); *accord Hall v. State,* 646 N.W.2d 572, 579 (Neb. 2002). In addition, "[a]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." *State v. Ortiz,* 670 N.W.2d 788, 792 (Neb. 2003). In such circumstances, when there exists no currently available state court remedy, the claim is procedurally defaulted, not unexhausted, and the petitioner is entitled to an opportunity to demonstrate cause and prejudice to excuse the default. *Akins*, 410 F.3d at 456 n. 1.

Petitioner failed to raise Claims Two, Four, Five, Six, and Seven in his direct appeal. (Filing No. 9-6, Attach. 5, at CM/ECF pp. 82-92.) Although Petitioner raised these claims in his Post Conviction Motion, he abandoned these five claims on his

post-conviction appeal. (Filing No. 9-7, Attach. 6, at CM/ECF pp. 36-44.) The Nebraska Court of Appeals specifically noted that:

> Although the amended motion for postconviction relief cited several different issues, Charles now argues only one to this court: that trial counsel ineffectively failed to object to the records of Charles' previous convictions used for enhancement as a habitual criminal and that appellate counsel ineffectively failed to raise this matter on direct appeal.

(Filing No. 9-8, Attach. 7, at CM/ECF p. 10.) Because Petitioner did not raise Claims Two, Four, Five, Six, and Seven in either his direct appeal or his post-conviction appeal, the Nebraska Court of Appeals did not address those claims.[3] Petitioner failed to raise these five claims on appeal and is now barred from bringing them as a successive post conviction action under Nebraska law. Indeed, Petitioner cannot bring a successive postconviction motion because he cannot show that "the basis relied upon for relief was not available at the time [he] filed the prior motion." *Ortiz, 670 N.W.2d at 792.* Rather, Petitioner knew of these claims but simply chose not to pursue them in his postconviction appeal. Claims Two, Four, Five, Six, and Seven are therefore procedurally defaulted.

### 2. Exceptions to Procedural Default

To excuse a procedural default, a petitioner must demonstrate either cause for the default and actual prejudice as a result of the alleged violation of federal law, or, in rare cases, that failure to consider the claim will result in a fundamental

---

[3]Importantly, even if Petitioner had raised Claims Two, Four, Five, Six, and Seven in his Post Conviction Motion, his failure to raise these claims on direct appeal may have barred them from consideration at the post-conviction stage. *See State v. Lotter*, 664 N.W.2d 892, 922 (Neb. 2003); *accord Hall v. State*, 646 N.W.2d 572, 579 (Neb. 2002).

miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Although there is no precise definition of what constitutes cause and prejudice, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 283 n. 24 (1999).

Petitioner does not argue that this court should reach the merits of Claims Two, Four, Five, Six, and Seven, but rather requests that the court stay this action and permit him time to exhaust his claims in state court. (Filing No. 18.) Such a stay is inappropriate here because Petitioner has already raised Claims Two, Four, Five, Six, and Seven in his Post Conviction Motion and is barred from raising those claims in a second post-conviction action in Nebraska state courts, as set forth above. *See Ortiz*, 670 N.W.2d at 792. The court has carefully reviewed the more than 900 pages of state court records in this matter. No external factor prevented Petitioner or his counsel from pursuing these five claims on appeal. Because Petitioner has not demonstrated cause and prejudice to excuse the procedural default, and because Petitioner cannot bring a second post conviction action, Claims Two, Four, Five, Six, and Seven are procedurally defaulted and are therefore dismissed with prejudice. Petitioner's Motion to Stay (filing no. 18) is denied.

### B.     **Petitioner's Claim One**

#### 1.     Procedural Default

For his Claim One, Charles argues that he was denied due process of law because the trial court gave jury instruction number seven, which misstated the law

and confused and misled the jury.[4] (Filing No. 1 at CM/ECF pp. 5-6.) Respondents argue that Claim One is procedurally defaulted because Petitioner did not specifically raise Claim One as a federal claim on direct appeal. (Filing No. 17 at CM/ECF p. 5.) However, "[i]n order to fairly present a federal claim to the state courts, the petitioner must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." Carney v. Fabian, 487 F.3d 1094, 1096 (8th Cir. 2007) (quotation omitted).

The parties agree that, in Charles' direct appeal, he raised Claim One and cited several state cases addressing similar claims of due process violations. (Filing No. 17 at CM/ECF p. 4; Filing No. 19 at CM/ECF p. 1-2.) Thus, there is no dispute that Charles "referred to . . . state case[s] raising pertinent federal constitutional issue[s]" before the Nebraska Court of Appeals. Claim One is therefore properly before the court and is not procedurally defaulted.[5] As set forth below, Claim One is nevertheless dismissed on the merits.

---

[4]Charles does not appear to argue that jury instruction number seven was incorrect under state law. Even if Charles raised the issue, a claim that a jury instruction is "allegedly incorrect under state law is not a basis for habeas relief." Estelle v. McGuire, 502 U.S. 62, 71-72 (1991).

[5]Regardless, even if Claim One was procedurally defaulted, the court may alternatively reach the merits where the record is adequate to do so. *See*, *e.g.*, Winfield v. Roper, 460 F.3d 1026, 1038 (8th Cir. 2006) (holding that, where the record before the court presented adequate information upon which to base a decision on the merits of the petitioner's claims, a court may alternatively consider the merits of the petitioner's claim rather than concentrating only on procedural questions).

### 2. The Merits of Claim One

In resolving a claim that due process rights were violated as a result of a confusing or misleading jury instruction, the court should consider "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (quotation omitted). Further, the jury instruction at issue "may not be judged in artificial isolation but must be considered in the context of the instructions as a whole and the trial record." *Id.* (quotation omitted); *see also Rousan v. Roper*, 436 F.3d 951, 962-63 (8th Cir. 2006) (affirming denial of habeas corpus relief where a review of the entire record revealed that the jury was not confused by instructions in light of the state's "theory throughout trial"). Where the claim involves an "ambiguous" jury instruction, the court must "inquire whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way that violates the Constitution." *Id.* (quotation omitted).

The Nebraska Court of Appeals analyzed Petitioner's claim regarding jury instruction number seven and found it to be without merit. As set forth by the Nebraska Court of Appeals:

> [T]he record shows that the jury was clearly instructed that it was to deliberate and return a separate verdict on each count and was supplied seven separate verdict forms for such purpose. Instruction No. 7 stated the elements of the crime of use of a firearm to commit a felony and indicated that these were the elements to be proven by the State beyond a reasonable doubt as to each of counts II, IV, and VI to support a conviction. Instruction No. 7 was properly worded and did not need to be repeated. Repetition would have caused confusion.

(Filing No. 9-8, Attach. 7, at CM/ECF p. 8.) In reaching this decision, the Nebraska Court of Appeals read the record and the jury instructions "together as a whole" and determined that the prosecution's burden was not "unconstitutionally lessened" by the

failure to read the instruction three times, or once for each count. (*Id.* at CM/ECF pp. 6-7.) In taking the record as a whole, the Nebraska Court of Appeals determined that:

> [A] use instruction separate and apart from the instructions relating to the underlying felonies was given, and three separate jury verdict forms were provided, one as to each count of use of a firearm to commit a felony. The jury was instructed to consider each count in the information individually. Clearly, the jury had before it three separate use counts for separate consideration.

*(Id.* at CM/ECF p. 7.)

The Nebraska Court of Appeals' decision is not objectively unreasonable in light of clearly established federal law. As the Nebraska Court of Appeals determined, when jury instruction number seven is viewed in the context of the trial record and the jury instructions as a whole, it was not misleading or confusing. To the contrary, had the trial judge instructed and repeated the instruction three times, as Charles suggests, that repetition itself would have caused confusion. Further, the jury was given three separate jury forms and was instructed to consider each count individually. The jury returned a separate verdict as to each count. (Filing No. 9-9, Attach. 8, at CM/ECF pp. 32-76.) In short, there is nothing in the record which overcomes the substantial deference which is due the Court of Appeals' decision. Moreover, even if the court looked at the question *de novo*, the result is the same (and for the same reasons). Because Charles has not established a constitutional violation, Claim One is dismissed.

### C. Petitioner's Claim Three

For his Claim Three, Charles argues that his trial counsel was ineffective because he did not challenge the validity of underlying convictions which enhanced Petitioner's sentence under the habitual criminal statute and therefore prevented

Petitioner from obtaining a favorable plea rather than proceeding with a jury trial. (Filing No. 1 at CM/ECF pp. 7-8.) A claim of ineffective assistance of counsel is reviewed under the two-pronged standard of *Strickland v. Washington*, 466 U.S. 668, 694 (1984). In particular, *Strickland* requires that the petitioner demonstrate both that his counsel's performance was deficient, and that such deficient performance prejudiced the petitioner's defense. *Id.* at 687; *see also Bryson v. United States*, 268 F.3d 560 (8th Cir. 2001); *Williamson v. Jones*, 936 F.2d 1000, 1004 (8th Cir. 1991).

The first prong of the *Strickland* test requires the petitioner to demonstrate that his attorney failed to provide reasonably effective assistance. *Strickland*, 466 U.S. at 687-88. In conducting such a review the courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The second prong requires the petitioner to demonstrate "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see also Hubbeling v. United States*, 288 F.3d 363, 365 (8th Cir. 2002). A court need not address the reasonableness of the attorney's skills and diligence if the movant cannot prove prejudice under the second prong of this test. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) (quoting *Cheek v. United States*, 858 F.2d 1330, 1336 (8th Cir. 1988)). Further, as set forth in *Strickland*, counsel's "strategic choices made after thorough investigation are virtually unchallengeable" in a later habeas corpus action. 466 U.S. at 689.

As with Claim One, Petitioner has not overcome the substantial deference the court must afford the decision of the Nebraska Court of Appeals on Claim Three. The Nebraska Court of Appeals applied the *Strickland* standard, which requires both "deficient performance and prejudice." (Filing No. 9-8, Attach. 7, at CM/ECF p. 13.) In addressing trial counsel's deficient performance regarding the habitual criminal statute, the Nebraska Court of Appeals focused on whether Charles "was represented by counsel or waived his right to counsel at the time of his prior convictions." (*Id.*)

The Nebraska Court of Appeals engaged in a detailed analysis of Nebraska law regarding what proof is required for previous convictions under the Nebraska habitual criminal statute. Prior to 2004, a criminal defendant could be considered a "habitual offender" as long as the prosecution presented "evidence of a conviction which disclosed that at 'a critical point' in the proceedings, including sentencing, the defendant had either intelligently and voluntarily waived counsel or in fact was represented by counsel at one of those times." (*Id.* at CM/ECF p. 15 (citing *State v. Sherrod*, 425 N.W. 2d 616 (Neb. 1988).) However, in 2002, the Nebraska Supreme Court stated that, in order to enhance a sentence under the habitual criminal statute, the state must show that the defendant had counsel at the time of the prior conviction. (*Id.* (citing *State v. Thomas*, 637 N.W.2d 632, 658-59 (Neb. 2002).) Two years later, the Nebraska Supreme Court determined that *Sherrod* was "an incomplete statement of the law" and sought to reconcile the *Sherrod* and *Thomas* decisions. In doing so, the Nebraska Supreme Court held that "under the habitual criminal statute" the State must establish that, in a previous conviction, the defendant was represented by counsel at the conviction stage of the proceedings, not simply the sentencing stage. (*Id.* at CM/ECF p. 15, citing *State v. Hall*, 679 N.W.2d 760 (Neb. 2004).)

While two of Petitioner's underlying convictions are not sufficiently proven under *Hall*, they were sufficiently proven under *Sherrod*, which applied at the time of Charles' sentencing. The Nebraska Court of Appeals therefore determined that Charles' trial counsel was not deficient because he had no obligation to "anticipate that *Sherrod* would be abrogated by *Hall* 10 years later." (Filing No. 9-8, Attach. 7, at CM/ECF p. 16.) Stated another way, the Nebraska Court of Appeals rejected Petitioner's Claim Three "because the records met the standard at that time for purposes of establishing a valid prior conviction under the habitual criminal statute." (*Id.*) Charles therefore did not establish the first prong of *Strickland*. The Nebraska Court of Appeals also found that Charles failed to demonstrate that he was prejudiced. (*Id.* at CM/ECF p. 17.)

Thus, the last reasoned opinion of the state court found that Charles' trial counsel did not perform deficiently and that Charles was not prejudiced by his lawyer's alleged deficient performance. The Nebraska Court of Appeals' determination is plainly entitled to deference. *See*, *e.g.*, *Hoon v. Iowa*, 313 F.3d 1058, 1061-1062 (8th Cir. 2002) (reversing federal district judge's contrary ruling because under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a federal habeas court must give substantial deference to the state court's analysis of the evidence; holding that state court's decision that defense counsel's deficient performance in failing to object to admission of co-defendant's confession did not prejudice petitioner in light of other evidence of petitioner's guilt, and was not an objectively unreasonable application of the *Strickland* federal ineffective assistance of counsel standard, as required to support habeas relief under AEDPA). The Nebraska Court of Appeals' decision is not an objectively unreasonable application of federal law and this court will not (and cannot) second-guess the Nebraska Court of Appeals' opinion. As with Claim One, even if the court conducted a *de novo* review of Claim Three, the result would be the same. Petitioner's Claim Three must therefore be dismissed.

IT IS THEREFORE ORDERED that:

1.      Petitioner Jeffery C. Charles' Petition for Writ of Habeas Corpus (filing no. 1) is denied in all respects and this action is dismissed with prejudice.

2.      A separate judgment will be entered in accordance with this Memorandum and Order.

3.      Petitioner's Motion for Stay (filing no. 18) is denied.

July 11, 2008.                    BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge